UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MICHAEL CHAVIS,

        Petitioner,

        -v-

DAVID M. UNGER, Superintendent of Wyoming
Correctional Facility,

        Respondent.

DECISION AND ORDER
10-CV-0685F

---

Petitioner, Michael Chavis, an inmate at Wyoming Correctional Facility, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, claiming that this "petition does not constitute a successive petition, and [is] not an application for leave to file a second or successive petition." (Docket No. 1, Petition, ¶ 9.) While the petition is not a model of clarity, it appears that petitioner is challenging a 1981 conviction reached in Broome County Court. Petitioner was convicted of Robbery, Second Degree, for his participation in a robbery of a Marine Midland Bank in Binghamton, New York, and claims, as best this Court can discern, that the County Court lacked jurisdiction over the criminal offense charged because it was preempted by 18 U.S.C. § 2113, and that the conviction was "used to enhance a sentence to a non-existing charge."(Petition, ¶ 9(a)-(b).) Petitioner also alludes to charges of a parole violation in 1988, while he was on parole from the conviction at issue, but also states that the "alleged parole violation charges were dismissed." (Petition, at ¶ "C".) Lastly, petitioner alludes to a denial of good time credits and that § 2241 is the proper means for challenging a denial of good time credits. (Id.)

Initially, the Court notes that while petitioner purports to bring this petition under 28 U.S.C. § 2241, it is more properly brought as a petition under § 2254. See *Cook v. New York State Div. of Parole,* 321 F.3d 274, 278 (2d Cir.2003); *see also James v. Walsh,* 308 F.3d 162, 167 (2d Cir.2002); *Jenkins v. Haubert,* 179 F.3d 19, 23-24 (2d Cir.1999) (citing *Preiser v. Rodriguez,* 411 U.S. 475 (1973)); *Savage v. Snow,* 575 F.Supp. 828, 834 (S.D.N.Y.1983) ("a state prisoner seeking the restoration of good time credits must bring an action for a writ of habeas corpus under 28 U.S.C. §§ 2254") (citing *Preiser*). Therefore, whether petitioner is challenging the imposition of the sentence on the 1981 Broome County conviction or the execution of his sentence related to some denial of good time credits, this petition should have been brought as a petition under 28 U.S.C. § 2254.[1]

Petitioner has filed at least four prior petitions for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging what appears to be the same conviction. One was filed in this Court (*Chavis v. David,* 98-CV-0382E(F)), which was transferred to the Northern District of New York because the conviction was obtained in a county located within that District. According to the petition, the other three were filed in the Northern District: *Chavis v. Cummings*, 84 CV 1411, *Chavis v. Fritz*, 87 CV 1420, and *Chavis v. Lacy*, 94-CV-0015(CGC) (GJD). The third one, petitioner claims, never adjudicated the claim raised herein and thus this petition is not a second or successive petition. (Petition, ¶ 9(a), 11, and "C.")

Because it appears to the Court that petitioner is challenging a conviction reached in Broome County, the Court finds that the Northern District of New York would be a more convenient forum

---

[1] While generally a district court must provide a petitioner notice of its intent to recharacterize a petition to one brought under 28 U.S.C. §§ 2254 or 2255 and an opportunity to withdraw the petition rather than have it converted because of the gate-keeping mechanism of 28 U.S.C. § 2244, said notice and opportunity is not required if it is not petitioner's first petition. *Adams v. United States*, 372 F.3d 132, 136 (2d Cir. 2004) (citing *Jiminian v. Nash*, 245 F.3d 144, 148 (2d Cir.2001). As addressed below, this is not petitioner's first petition challenging the conviction at issue.

because all of the records relating to petitioner's underlying conviction and previous habeas proceedings are located in that District. *See Braden v. 30th Judicial District of Kentucky*, 410 U.S. 484, 499, n. 15 (1973). Any issues relating to conversion of this petition to one brought under 28 U.S.C. § 2254, the timeliness of the petition and whether it is a second or successive petition are more properly left to the transferee court to address.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

DATED: August 26, 2010
Rochester, New York